1  Gregory N. Karasik (SBN 115834)
   greg@karasiklawfirm.com
2  **Karasik Law Firm**
   11835 W. Olympic Blvd., Ste. 1275
3  Los Angeles, California 90064
   Tel:  (310) 312-6800
4  Fax: (310) 943-2582

5  Santos Gomez (SBN 172741)
   Maria Esmeralda Vizzusi (SBN 289908)
6  **Law Offices of Santos Gomez**
   1003 Freedom Boulevard
7  Watsonville, CA 95076
   Tel: (831) 228-1560
8  Fax: (831) 228-1542
   santos@lawofficesofsantosgomez.com
9  esmeralda@lawofficesofsantosgomez.com

10 Attorneys for Plaintiff
   ARACELY PEREZ PORTRERO

11

12                  UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14 ARACELY PEREZ PORTRERO,              Case No.
   individually and on behalf of others similarly
15 situated,                            **CLASS ACTION COMPLAINT**

16                    Plaintiff,
                                         **DEMAND FOR JURY TRIAL**
17        vs.

18 AZCONA HARVESTING, LLC.

19                    Defendant.

20

21

22

23        Plaintiff Aracely Perez Portrero ("Plaintiff"), on behalf of herself and all others similarly

24 situated, complain and allege as follows:

25 **<u>INTRODUCTION</u>**

26        1.    This case arises out of the failure of defendant Azcona Harvesting, LLC ("Defendant")

27 to comply with various provisions of the California Labor Code.  Defendant employs on a seasonal

28 basis agricultural workers who harvest strawberries ("Strawberry Pickers").  Prior to May 1, 2017,

                                      1

1    Defendant did not pay Strawberry Pickers whose daily earnings were calculated as a combination of

2    piece rate wages and hourly wages all the wages owed to them for their rest period time.  In addition,

3    at all relevant times, Defendant did not provide Strawberry Pickers with duty free meal periods of at

4    least 30 minutes.  As a result, Defendant failed to pay Strawberry Pickers all the minimum wages owed

5    to them under Labor Code Section 1197, Defendant failed to pay Strawberry Pickers all the wages for

6    rest period time owed to them under Labor Code Section 226.2, Defendant failed to pay Strawberry

7    Pickers premium wages owed to them for meal period and rest period violations under Labor Code

8    Section 226.7, Defendant engaged in unfair competition, Defendant failed to provide Strawberry

9    Pickers accurate wage statements in violation of Labor Code Section 226, Defendant failed to pay

10   Strawberry Pickers all the wages owed to them upon discharge (including seasonal layoffs) or

11   resignation under Labor Code Section 201 or 202, Defendant failed to pay Strawberry Pickers all the

12   wages owed to them under the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"),

13   and Defendant failed to provide Strawberry Pickers with accurate wage statements in violation of the

14   AWPA.  Plaintiff seeks all damages, restitution, and penalties to which she and similarly situated

15   Strawberry Pickers are entitled under the AWPA and state law.

16   **JURISDICTION**

17          2.      The Court has original jurisdiction over Plaintiff's claims under the AWPA, a law of the

18   United States, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1854.  The Court has supplemental

19   jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The state law claims are so

20   related to Plaintiff's claims under the AWPA that they form part of the same case or controversy.

21   **VENUE**

22          3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant

23   does business and therefore resides in this district and/or a substantial part of the events or omissions

24   giving rise to Plaintiff's claims occurred in this district.

25   **THE PARTIES**

26          A.      **Plaintiff**

27          4.      Plaintiff worked as a Strawberry Picker for Defendant in Salinas in 2016 (from

28   approximately June to November) and 2017 (from approximately April to July).  For some days during

her employment, Plaintiff was paid a total amount of daily wages that was calculated based on a combination of piece rate wages and hourly wages. On other days during her employment, Plaintiff was paid daily wages that were based only on hourly wages. Prior to May 1, 2017, for each day that Plaintiff's daily wages was a combination of piece rate wages and hourly wages, the piece rate portion of her wages did not compensate Plaintiff at all for any of her rest period time, and the hourly portion of her wages was not high enough to meet minimum wage requirements or, beginning on January 1, 2016, the average hourly earnings requirement for rest period time under Labor Code Section 226.2. During her employment, the meal periods provided to Plaintiff, which were exactly 30 minutes in length, were not duty free for 30 minutes because, during that 30 minute period, Plaintiff was required to travel from the work area to the break area at the start of the meal period, travel back to the work area from the break area at the end of the meal period, and wash her hands before resuming work. Because travel between the work area and break area and hand washing would typically take between 5 to 10 minutes, the meal periods provided to Plaintiff were not duty free for 30 minutes but were only duty free for approximately 20-30 minutes.

**B.**   **Defendants**

5.    At all relevant times, Defendant has been a limited liability company organized under the law of the State of California with a principal place of business in either Salinas or Greenfield, California. Defendant harvests produce at various locations in the state of California. Defendant is or was the employer of Plaintiff and other similarly situated Strawberry Pickers at the time Defendant breached its legal obligations to them as described herein, and Defendant continues to breach legal obligations owed to similarly situated Strawberry Pickers currently employed by Defendant.

**CLASS ACTION ALLEGATIONS**

6.    Plaintiff brings her claims on behalf of herself and all other similarly situated Strawberry Pickers (collectively the "Class") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The members of the Class belong to the Strawberry Pickers Class, Rest Period Time Minimum Wages Class, Rest Period Time All Wages Class, Restitution Class, Wage Statement Class and/or the Final Wages Class, which are defined as follows:

1    **Strawberry Pickers Class**:  All persons who, at any time since the date three years before the

2    filing of the complaint in this action, worked for Defendant in California as a seasonal agricultural

3    worker who performed field work picking strawberries.

4    **Rest Period Time Minimum Wages Class**:  All persons who, at any time between the date

5    three years before the filing of the complaint in this action and May 1, 2017, worked for Defendant in

6    California as a seasonal agricultural worker who performed field work picking strawberries, and whose

7    daily total wages was calculated as a combination of piece rate wages and hourly wages.

8    **Rest Period Time All Wages Class**:  All persons who, at any time between January 1, 2016

9    and May 1, 2017, worked for Defendant in California as a seasonal agricultural worker who performed

10   field work picking strawberries, and whose daily total wages was calculated as a combination of piece

11   rate wages and hourly wages.

12   **Restitution Class**:  All persons who, at any time since the date four years before the filing of

13   the complaint in this action, worked for Defendant in California as a seasonal agricultural worker who

14   performed field work picking strawberries.

15   **Wage Statement Class**: All persons who, at any time since the date one year before the filing

16   of the complaint in this action, worked for Defendant in California as a seasonal agricultural worker

17   who performed field work harvesting strawberries.

18   **Final Wages Class**:  All persons who worked for Defendant in California as a seasonal

19   agricultural worker who performed field work harvesting strawberries who had a period of

20   employment during any harvesting season end at any time since the date three years before the filing of

21   the complaint in this action.

22        7.       Plaintiff's class claims are brought and may be maintained as a class action under Rule

23   23(a) of the Federal Rules of Civil Procedure.

24        a.       Numerosity.  The Class members are so numerous that individual joinder of all of them

25   as plaintiffs is impractical.  While the exact number of Class members is unknown to Plaintiff at this

26   time, Plaintiff is informed and believes and thereon alleges that there are not less than 50 members in

27   the Strawberry Pickers Class, not less than 50 members in the Rest Period Time Minimum Wages

28   Class, not less than 50 members in the Rest Period Time All Wages Class, not less than 50 members in

the Restitution Class, not less than 50 members in the Wage Statement Class, not less than 50 members in the Final Wages Class, and not less than 50 members in the Class as a whole.

      b.     <u>Commonality</u>. There are questions of law or fact common to class members. These common questions include, but are not limited to:

           (1)    Does Defendant have a policy or practice of not providing to Strawberry Pickers meal periods that were duty free for 30 minutes?

           (2)    Did Defendant have a policy or practice of not paying Strawberry Pickers, prior to May 1, 2017, minimum wages for their rest period time?

           (3)    Did Defendant have a policy or practice of not paying Strawberry Pickers, between January 1, 2016 and May 1, 2017, all the wages for their rest period time owed to them under Labor Code Section 226.2?

           (4)    Did Defendant engage in a "willful" failure to pay all wages owed to Strawberry Pickers upon termination, thereby making Defendant liable for penalty wages under Labor Code Section 203?

           (5)    Did Defendant fail to provide Strawberry Pickers with accurate wage statements in violation of Labor Code Section 226 or the AWPA?

           (6)    Did Defendant fail to pay Strawberry Workers all wages due in violation of the AWPA?

      c.     <u>Typicality</u>. Plaintiff is a member of the Class, and her claims are typical of the claims of the other Class members Plaintiff seeks to represent. Plaintiff suffered the same kinds of injuries suffered by other Class members and seeks the same kind of relief sought by other Class members.

      d.     <u>Adequate Representation</u>. Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interests adverse to the interests of absent Class members. Plaintiff is represented by legal counsel with substantial class action experience in civil litigation and

1  employment law.

2        7.    This case is brought and may be maintained as a class action under Rule 23(b)(3) of the

3  Federal Rules of Civil Procedure.  Questions of law or fact common to class members predominate

4  over any questions affecting only individual members, and a class action is superior to other available

5  methods for the fair and efficient adjudication of the controversy.  Class action treatment will allow a

6  large number of similarly situated persons to prosecute their common claims in a single forum,

7  simultaneously, efficiently, and without the unnecessary duplication of effort and expense that

8  numerous individual actions would require.  Further, the monetary amounts due to many individual

9  class members are likely to be relatively small, and the burden and expense of individual litigation

10  would make it difficult or impossible for individual class members to seek and obtain relief.  A class

11  action will serve an important public interest by permitting employees harmed by Defendant's

12  unlawful practices to effectively pursue recovery of the sums owed to them.

13  **FIRST CLAIM FOR RELIEF**

14  **FAILURE TO PROVIDE DUTY FREE MEAL PERIODS**

15  **(By Plaintiff and the Strawberry Pickers Class against Defendant)**

16        8.    Plaintiff incorporates paragraphs 1 through 7 of this complaint as if fully alleged herein.

17        9.    At all relevant times, Plaintiff and the other members of the Strawberry Pickers Class

18  were employees of Defendant covered by Labor Code Sections 226.7 and 512 and applicable Wage

19  Orders.

20        10.    Pursuant to Labor Code Section 512 and applicable Wage Orders, Plaintiff and the other

21  members of the Strawberry Pickers Class were entitled to a duty free meal period of at least 30 minutes

22  every day they worked more than five hours in a work day.  Pursuant to Labor Code Section 226.7,

23  Plaintiff and the other members of the Strawberry Pickers Class were entitled to premium wages equal

24  to one hour of pay at their regular rate of pay for every day that Defendant failed to provide a meal

25  period that was duty free for at least 30 minutes.

26        11.    Defendant failed to provide Plaintiff and other members of the Strawberry Pickers Class

27  with meal periods that were duty free for at least 30 minutes in accordance with Labor Code Section

28  512 and/or applicable Wage Orders and failed to pay Plaintiff and other members of the Strawberry

Pickers Class premium wages in accordance with Labor Code Section 226.7 when duty free meal periods of at least 30 minutes were not provided. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not providing members of the Strawberry Pickers Class with meal periods that were duty free for at least 30 minutes and Defendant did not pay members of the Strawberry Pickers Class premium wages when Defendant failed to provide them with 30 minute duty free meal periods.

12.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the Strawberry Pickers Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the premium wages owed to them for Defendant's meal period violations.

13.    Plaintiff and members of the Strawberry Pickers Class are entitled to recover reasonable attorney's fees in connection with their meal period claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGES

**(By Plaintiff and the Strawberry Pickers Class against Defendant)**

14.    Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

15.    At all relevant times, Plaintiff and the other members of the Strawberry Pickers Class were employees of Defendant covered by Labor Code Section 1197.

16.    Pursuant to Labor Code Section 1197, Plaintiff and the other members of the Strawberry Pickers Class were entitled to minimum wages for all time deemed compensable "hours worked," including time spent taking meal periods that were not duty free for at least 30 minutes.

17.    Defendant failed to pay Plaintiff and other members of the Strawberry Pickers Class all the minimum wages owed to them for all their time deemed compensable "hours worked." Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of not providing members of the Strawberry Pickers Class with meal periods that were duty free for at least 30 minutes and Defendant did not pay members of the Strawberry Pickers Class any wages for any of their meal period time that, because meal periods

1   were not duty free for at least 30 minutes, was compensable "hours worked."

2       18.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the

3   Strawberry Pickers Class have suffered damages in an amount, subject to proof, to the extent they were

4   not paid all the minimum wages owed to them.

5       19.    Pursuant to Labor Code Section 1194, Plaintiff and other members of the Strawberry

6   Pickers Class are entitled to recover the full amount of their unpaid minimum wages, interest thereon,

7   reasonable attorney's fees and costs of suit.  Pursuant to Labor Code Section 1194.2, Plaintiff and

8   other members of the Strawberry Pickers Class are also entitled to recover liquidated damages in an

9   amount equal to the amount of unpaid minimum wages and interest thereon.

10                          **THIRD CLAIM FOR RELIEF**

11                        **FAILURE TO PAY MINIMUM WAGES**

12      **(By Plaintiff and the Rest Period Time Minimum Wages Class against Defendant)**

13      20.    Plaintiff incorporates paragraphs 1 through 7 of this complaint as if fully alleged herein.

14      21.    At all relevant times, Plaintiff and the other members of the Rest Period Time Minimum

15  Wages Class were employees of Defendant covered by Labor Code Section 1197.

16      22.    Pursuant to Labor Code Section 1197, Plaintiff and the other members of the Rest

17  Period Time Minimum Wages Class were entitled to minimum wages for all time deemed

18  compensable "hours worked," including time spent taking rest periods.

19      23.    Defendant failed to pay Plaintiff and other members of the Rest Period Time Minimum

20  Wages Class all the minimum wages owed to them for all their time deemed compensable "hours

21  worked."  Plaintiff is informed and believes and thereon alleges that, during the limitations period

22  applicable to this cause of action, Defendant had a policy or practice of paying members of the Rest

23  Period Time Minimum Wages Class a combined amount of hourly wages and piece rate wages that did

24  not pay them minimum wages for their rest period time.

25      24.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the Rest

26  Period Time Minimum Wages Class have suffered damages in an amount, subject to proof, to the

27  extent they were not paid all the minimum wages owed to them.

28      25.    Pursuant to Labor Code Section 1194, Plaintiff and other members of the Rest Period

Time Minimum Wages Class are entitled to recover the full amount of their unpaid minimum wages, interest thereon, reasonable attorney's fees and costs of suit.  Pursuant to Labor Code Section 1194.2, Plaintiff and other members of the Rest Period Time Minimum Wages Class are also entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages and interest thereon.

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO PAY ALL WAGES OWED FOR REST PERIOD TIME**

**(By Plaintiff and the Rest Period Time All Wages Class against Defendant)**

26.     Plaintiff incorporates paragraphs 1 through 7 of this complaint as if fully alleged herein.

27.     At all relevant times, Plaintiff and the other members of the Rest Period Time All Wages Class were employees of Defendant covered by Labor Code Section 226.2.

28.     Pursuant to Labor Code Section 226.2, Plaintiff and the other members of the Rest Period Time All Wages Class were entitled to be paid at an average hourly rate based on total compensation for the workweek for their time spent taking rest periods.

29.     Defendant failed to pay Plaintiff and other members of the Rest Period Time All Wages Class all the wages owed to them for their time spent taking rest periods.   Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of paying members of the Rest Period Time All Wages Class a combined amount of hourly wages and piece rate wages that did not pay them at an average hourly rate based on total compensation for the workweek for their time spent taking rest periods.

30.     As a result of Defendant's unlawful conduct, Plaintiff and other members of the Rest Period Time All Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the wages owed to them for rest period time.

31.     Pursuant to Labor Code Section 218, Plaintiff and other members of the Rest Period Time All Wages Class are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorney's fees and costs of suit.

/ / /

/ / /

9

COMPLAINT

## FIFTH CLAIM FOR RELIEF

### UNFAIR COMPETITION

### (By Plaintiff and the Restitution Class)

32.    Plaintiff incorporate paragraphs 1 through 31 of this complaint as if fully alleged herein.

33.    The unlawful conduct of Defendant alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.

34.    As a result of Defendant's unfair competition as alleged herein, Plaintiff and other members of the Restitution Class have suffered injury in fact and lost money or property. Plaintiff and members of the Restitution Class have been deprived of their rights to be provided with duty free meal periods of at least 30 minutes, to be paid all minimum wages owed to them, and/or to be paid all wages owed to them for rest period time, and Plaintiff and members of the Restitution Class have not been paid all the monies owed to them under California law.

35.    Pursuant to Business and Professions Code Section 17203, Plaintiff and other members of the Restitution Class are entitled to restitution of all wages or other monies owed to them under California law (including interest thereon), in which they had a property interest, which Defendant failed to pay to them. Restitution of the money owed to Plaintiff and other members of the Restitution Class that Defendant wrongfully withheld and retained by means of engaging in unlawful business practices in violation of California law is necessary to prevent Defendant from becoming unjustly enriched by its failure to comply with California law.

36.    Plaintiff and members of the Restitution Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiff and the Wage Statement Class against Defendants)

37.    Plaintiffs incorporate paragraphs 1 through 31 of this complaint as if fully alleged herein.

38.    At all relevant times, Plaintiff and the other members of the Wage Statement Class were

1   employees of Defendant covered by Labor Code Section 226 and/or 226.2.

2       39.     Pursuant to Labor Code Section 226(a), Plaintiff and other members of the Wage

3   Statement Class were entitled to receive, semimonthly or at the time of each payment of wages,

4   an accurate itemized wage statement showing, *inter alia*, the total amount of gross wages earned

5   during the pay period, the total amount of net wages earned during the pay period, the total

6   number of hours worked during the pay period, all the applicable hourly rates of pay during the

7   pay period, and all the applicable piece rates during the pay period.  Pursuant to Labor Code

8   Section 226.2(a)(2), Plaintiff and other members of the Wage Statement Class were entitled to

9   receive, semimonthly or at the time of each payment of wages, an accurate itemized wage

10  statement stating, separately from the information reequired by Section 226(a), the total hours of

11  compensable rest period time, the rate of compensation for rest period time, and the gross wages

12  paid for rest period time during the pay period.

13      40.     Defendant failed to provide Plaintiff and other members of the Wage Statement Class

14  accurate itemized statements in accordance with Labor Code Section 226(a) and/or 226.2.  Plaintiff is

15  informed and believe and thereon allege that, during the limitations period applicable to this cause of

16  action, Defendant had the following policies or practice which resulted in members of the Wage

17  Statement Class not receiving accurate wage statements:

18      a.      Defendant did not pay members of the Strawberry Pickers class premium wages for

19  meal period violations.

20      b.      Defendant did not pay members of the Rest Period Time Minimum Wages Class all the

21  minimum wages owed to them for their rest period time.

22      c.      Defendant did not pay members of the Rest Period Time All Wages Class all the wages

23  owed to them for their rest period time.

24      d.      The wage statements provided to members of the Rest Period Time Minimum Wages

25  Class and the Rest Period Time All Wages Class did not set forth hourly wage rates and piece rates

26  separately or accurately.  Although total daily wages was calculated based on a combinination of

27  hourly wages and piece rate wages, total daily wages was reported on wage statements as the product

28  of hours worked multiplied by a combined average hourly earnings rate.

e. The wage statements provided to members of the Rest Period Time Minimum Wages Class and the Rest Period Time All Wages Class did not state separately the the total amount of rest period time, the rate of compensation for rest period time, or the gross wages paid for rest period time during the pay period.

41. Defendant's failure to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendant had the ability to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements that Defendant knew did not comply with all the requirements of Labor Code Section 226 and/or 226.2. Defendant intended and knew that, during the limitations period applicable to this cause of action, Defendant had the following policies or practice which resulted in members of the Wage Statement Class not receiving accurate wage statements:

a. Defendant did not pay members of the Strawberry Pickers class premium wages for meal period violations.

b. Defendant did not pay members of the Rest Period Time Minimum Wages Class all the minimum wages owed to them for their rest period time.

c. Defendant did not pay members of the Rest Period Time All Wages Class all the wages owed to them for their rest period time.

d. The wage statements provided to members of the Rest Period Time Minimum Wages Class and the Rest Period Time All Wages Class did not set forth hourly wage rates and piece rates separately or accurately. Although total daily wages was calculated based on a combinination of hourly wages and piece rate wages, total daily wages was reported on wage statements as the product of hours worked multiplied by a combined average hourly earnings rate.

e. The wage statements provided to members of the Rest Period Time Minimum Wages Class and the Rest Period Time All Wages Class did not state separately the the total amount of rest period time, the rate of compensation for rest period time, or the gross wages paid for rest period time during the pay period.

42. As a result of Defendant's conduct, Plaintiff and other members of the Wage Statement Class have suffered injury. From the wage statements provided to them alone, Plaintiff and other

1  members of the Wage Statement Class could not promptly and easily determine the total amount of

2  gross wages actually earned during the pay period, the total amount of net wages actually earned

3  during the pay period, the total number of hours actually worked during the pay period, all the

4  applicable hourly rates of pay during the pay period, all applicable piece rates, the total number of

5  hours of compensable rest period time, the rate of compensation for rest period time, and/or the gross

6  wages paid for rest period time during the pay period.

7        43.      Pursuant to Labor Code Section 226(e) and 226.2(a)(2), Plaintiff and other members of

8  the Wage Statement Class are entitled to recover fifty dollars for the initial pay period in which a

9  violation of Labor Code Section 226 or 226.2 occurred and one hundred dollars for each violation of

10  Labor Code Section 226 or 226.2 in every subsequent pay period, not to an exceed an aggregate civil

11  penalty of four thousand dollars per employee

12        44.      Pursuant to Labor Code Sections 218, 226(e), 226(g) and 226.2(a)(2), Plaintiff and

13  other members of the Wage Statement Class are entitled to recover the full amount of civil penalties

14  due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

15                                **SEVENTH CLAIM FOR RELIEF**

16                   **FAILURE TO PAY ALL WAGES UPON TERMINATION**

17              **(By Plaintiff and the Final Wages Class against Defendants)**

18        45.      Plaintiff incorporates paragraphs 1 through 31 of this complaint as if fully alleged

19  herein.

20        46.      At all relevant times, Plaintiff and the other members of the Final Wages Class were

21  employees of Defendant covered by Labor Code Sections 201 or 202.

22        47.      Pursuant to Labor Code Sections 201 or 202, Plaintiff and other members of the Final

23  Wages Class were entitled upon termination to timely payment of all wages earned and unpaid prior to

24  termination.  Discharged employees (including employees subject to seasonal layoffs) were entitled to

25  payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees

26  who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72

27  hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to

28  payment of all wages earned and unpaid prior to resignation at the time of resignation.

48.     Defendant failed to pay Plaintiff and other members of the Final Wages Class all wages earned and unpaid prior to termination in accordance with Labor Code Sections 201 or 202.  Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendant had the following policies or practices, which resulted in Defendant failing to pay members of the Final Wages Class all the wages owed to them upon termination:

a.     Defendant did not pay members of the Strawberry Pickers class premium wages for meal period violations.

b.     Defendant did not pay members of the Rest Period Time Minimum Wages Class all the minimum wages owed to them for their rest period time.

c.     Defendant did not pay members of the Rest Period Time All Wages Class all the wages owed to them for their rest period time.

49.     Defendant's failure to pay Plaintiff and members of the Final Wages Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful. Defendant had the ability to pay all wages earned by members of the Final Wages Class prior to termination in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202.  Defendant intended and knew that, during the limitations period applicable to this cause of action, Defendant had the following policies or practices, which resulted in Defendant failing to pay members of the Final Wages Class all the wages owed to them upon termination:

a.     Defendant did not pay members of the Strawberry Pickers class premium wages for meal period violations.

b.     Defendant did not pay members of the Rest Period Time Minimum Wages Class all the minimum wages owed to them for their rest period time.

c.     Defendant did not pay members of the Rest Period Time All Wages Class all the wages owed to them for their rest period time.

50.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and other members of the Final Wages Class are entitled to all wages earned prior to termination that Defendant failed to pay them.

51.     Pursuant to Labor Code Section 203, Plaintiff and other members of the Final Wages Class are entitled to penalty wages for each termination of employment, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days of penalty wages for each termination of employment.

52.     As a result of Defendant's unlawful conduct, Plaintiff and other members of the Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination.

53.     As a result of Defendant's unlawful conduct, Plaintiff and other members of the Final Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed under Labor Code Section 203.

54.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Final Wages Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code Section 203, reasonable attorney's fees and costs of suit.  Pursuant to Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other members of the Final Wages Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

## EIGHTH CLAIM FOR RELIEF

### FAILURE TO COMPLY WITH THE AWPA

**(By Plaintiff and the Strawberry Pickers Class against Defendants)**

55.     Plaintiff sincorporate paragraphs 1 through 54 of this complaint as if fully alleged herein.

56.     At all relevant times, Plaintiff and the other members of the Strawberry Pickers Class were "seasonal agricultural workers" within the meaning of 29 U.S.C. § 1802(10).

57.     At all relevant times, Defendant was an "agricultural employer" within the meaniong of 29 U.S.C. § 1802(2).

58.      Pursuant to 29 U.S.C. § 1832, Defendant was required to pay Plaintiff and the other members of the Strawberry Pickers Class all the wages owed to them when due.

59.     Defendant failed to pay Plaintiff and other members of the Strawberry Pickers Class all the wages owed to them when due in violation of 29 U.S.C. § 1832.  Plaintiff is informed and believe

1   and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had

2   Defendant had the following policies or practices, which resulted in Defendant failing to pay members

3   of the Strawberry Pickers Class all the wages owed to them on regular pay dates and/or upon the

4   termination of their employment:

5         a.      Defendant did not pay members of the Strawberry Pickers class premium wages for

6   meal period violations.

7         b.      Defendant did not pay members of the Rest Period Time Minimum Wages Class all the

8   minimum wages owed to them for their rest period time.

9         c.      Defendant did not pay members of the Rest Period Time All Wages Class all the wages

10   owed to them for their rest period time.

11         60.      Pursuant to 29 U.S.C. § 1821(d), Defendant was required to provide Plaintiff and the

12   other members of the Strawberry Pickers Class itemized wage statements for each pay period that

13   accurately set forth the basis on which wages are paid, the number of hours they worked, and their total

14   pay period earnings.

15         61.      Defendant failed to pay provide Plaintiff and other members of the Strawberry Class

16   with accurate wage statements in violation of 29 U.S.C. § 1821(d).  Plaintiff is informed and believes

17   and thereon allegse that, during the limitations period applicable to this cause of action, Defendant had

18   the following policies or practice which resulted in members of the Strawberry Pickers Class not

19   receiving accurate wage statements:

20         a.      Defendant did not pay members of the Strawberry Pickers class premium wages for

21   meal period violations.

22         b.      Defendant did not pay members of the Rest Period Time Minimum Wages Class all the

23   minimum wages owed to them for their rest period time.

24         c.      Defendant did not pay members of the Rest Period Time All Wages Class all the wages

25   owed to them for their rest period time.

26         d.      The wage statements provided to members of the Rest Period Time Minimum Wages

27   Class and the Rest Period Time All Wages Class did not set forth hourly wage rates and piece rates

28   separately or accurately.  Although total daily wages was calculated based on a combinination of

COMPLAINT

1  hourly wages and piece rate wages, total daily wages was reported on wage statements as the product

2  of hours worked multiplied by a combined average hourly earnings rate.

3       e.     The wage statements provided to members of the Rest Period Time Minimum

4  Wages Class and the Rest Period Time All Wages Class did not state separately the the total

5  amount of rest period time, the rate of compensation for rest period time, or the gross wages paid

6  for rest period time during the pay period.

7       62.    Defendant's failure to pay Plaintiff and other members of the Strawberry Pickers Class

8  all the wages owed to them when due in violation of 29 U.S.C. § 1832 and Defendant's failure to

9  provide Plaintiff and other members of the Strawberry Pickers Class with accurate wage statements in

10 violation of 29 U.S.C. § 1821(d) were intentional.  Defendant acted consciously and deliberately when

11 it failed to pay members of the Strawberry Pickers Class all wages owed to them and when it failed to

12 provide them with accurate wage statements.

13      63     As a result of Defendant's unlawful conduct, Plaintiff and other members of the

14 Strawberry Pickers Class have suffered damages in an amount, subject to proof, to the extent they were

15 not paid for all the wages owed to them.

16      64.    Pursuant to 29 U.S.C. § 1854, Plaintiff and other members of the Strawberry Pickers

17 Class are entitled to recover actual damages or statutory damages of up to $500 per class member per

18 violation, not to exceed the aggregate amount of $500,000.

19                              **PRAYER FOR RELIEF**

20      WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief

21 and judgment against Defendant as follows:

22      A.     An order certifying that Plaintiff may pursue her claims as a class action under Rule 23

23 of the Federal Rules of Civil Procedure;

24      B.     An order appointing Plaintiff as Class representative and appointing Plaintiff's counsel

25 as Class counsel;

26      C.     Damages for unpaid premium wages under Labor Code Section 226.7;

27      D.     Damages for unpaid minimum wages under Labor Code Section 1194;

28      E.     Liquidated damages under Labor Code Section 1194.2;

F.    Damages for unpaid rest period wages under Labor Code Section 226.2;

G.    Restitution for unpaid wages under Business and Professions Code Section 17203;

H.    Civil penalties for inaccurate or non-compliant wage statements under Labor Code Section 226 and/or Labor Code Section 226.2;

I.    Damages for unpaid wages under Labor Code Sections 201 or 202;

J.    Damages for unpaid penalty wages under Labor Code Section 203;

K.    Actual damages or statutory damages under 29 U.S.C. § 1854;

L.    Pre-judgment interest;

M.    Costs;

N.    Reasonable attorney's fees; and

O.    Such other and further relief as the Court deems just and proper.

Dated:  August 17, 2017                    KARASIK LAW FIRM
                                           LAW OFFICES OF SANTOS GOMEZ

                                    By    _____
                                          Gregory N. Karasik
                                          Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and all others similarly situated on all claims so triable.

Dated:  August 17, 2017                    KARASIK LAW FIRM
                                           LAW OFFICES OF SANTOS GOMEZ

                                    By    _____
                                          Gregory N. Karasik
                                          Attorneys for Plaintiff